UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ABDULLAH EL-AMIN,** | : | **CIVIL NO. 4:21-CV-2060** |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

This is a Social Security appeal brought by a state inmate. The plaintiff filed a motion for entry of default judgment. (Doc. 19.) This motion was based upon an apparent misunderstanding on the plaintiff's part. The plaintiff sought entry of a default judgment because he believed that the defendant was served and failed to respond. In fact the defendant had responded by moving to dismiss this complaint. (Doc. 17). That motion remains pending before the court.

Recognizing that default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, and a default judgment may only be entered when a properly served party against whom the default judgment is sought "has failed to plead or otherwise respond," Rule 55(a), F.R.Civ.P., we found that the plaintiff

1

was not entitled to the entry of a default judgment against this defendant because the defendant had responded by moving to dismiss the complaint. Accordingly, we denied the motion for default judgment. (Doc. 20).

The plaintiff has now filed a motion to reconsider this ruling. (Doc. 23). This motion simply repeats El-Amin's erroneous assertion that the defendant has failed to respond to his complaint. (Id.) Because the plaintiff's motion rests on an erroneous premise, this motion to reconsider is DENIED.

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances: where there is either "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be

2

> altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

In this case, El-Amin's motion simply fails to meet the exacting standards required for a motion to reconsider. El-Amin cites to no new material evidence;

3

there has been no intervening change in the law; and there is nothing about the decision—which denied entry of a default judgment against a party who has plainly responded to the plaintiff's complaint—that constitutes a clear error of law or a manifest injustice. Since this motion to reconsider does not satisfy the precise burden of proof and persuasion required by law for such motions, the motion to reconsider (Doc. 23) is DENIED.

Further, IT IS ORDERED that the plaintiff is directed to respond to the defense motion to dismiss on or before **May 14, 2022.** Pursuant to Local Rule 7.7 the movant may then file a reply brief on or before **May 28, 2022.** All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances.

The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation,

shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (1991)." <u>Williams v. Lebanon Farms Disposal, Inc.</u>, No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

So ordered this 19th day of April 2022.

<u>S/Martin C. Carlson</u><br>
Martin C. Carlson<br>
United States Magistrate Judge